UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANNETTE HARLING,<br>parent and next friend of S.M. )<br><br>        Plaintiffs,    )<br>     v.<br>District of Columbia, *etal.,*    )<br><br>        Defendants.    ) | Civil Action No. 08-0056(RWR) |

ANSWER TO THE COMPLAINT

Paragraph numbers below correspond to the paragraph numbers in the complaint.

1-3.   Defendants admit the existence of the statutory authorities alluded to in paragraphs numbered 1 through 3, but deny that jurisdiction, relief and venue are necessarily authorized or proper solely by reason thereof.  The remaining allegations contained in paragraphs numbered 1 through 3 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

4-5.   Defendants admit the allegations contained in paragraphs numbered 4 through 5.

6.   Defendants admit the District of Columbia is a municipal corporation. The remaining allegations contained in paragraph numbered 6 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

7. Defendants admit Michelle Rhee is the Chancellor of the District of Columbia Public School System (DCPS) which is the State Educational Agency (SEA). The

remaining allegations contained in paragraph numbered 7 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

8. Defendants admit S.M. is a student receiving special education and related services in the fourth grade at Rock Creek Academy (RCA).

9. Defendants admit S.M. previously attended Benning Elementary.

10. The allegations contained in paragraph numbered 10 are a characterization of a February 2004 Occupational Therapy Evaluation (OTE). The OTE speaks for itself.

11. The allegations contained in paragraph numbered 11 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

12. The allegations contained in paragraph numbered 12 are a characterization of a June 2005 Speech and Language Re-evaluation. The Speech and Language Re-evaluation speaks for itself.

13. The allegations contained in paragraph numbered 13 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

14. The allegations contained in paragraph numbered 14 are a characterization of the May 2006 MDT/IEP meeting notes. The MDT/IEP notes speak for themselves.

15. The allegations regarding a February 2004 OT evaluation are conclusions of the pleader to which no response is required. If a response is required, then the same are denied. The remaining allegations in paragraph numbered 15 are a characterization of a May 2006 MDT/IEP determination. The MDT/IEP notes speak for themselves.

16-17. The allegations contained in paragraphs numbered 16 through 17 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

18. The allegations contained in paragraph numbered 18 are denied.

19-20. The allegations contained in paragraphs numbered 19 through 20 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

21. The allegations contained in paragraph numbered 21 are a characterization of the April 2007 MDT/IEP meeting notes. The MDT/IEP notes speak for themselves.

22-23. The allegations contained in paragraphs numbered 22 through 23 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

24. The allegations contained in paragraph numbered 24 are a characterization of the April 30, 2007 letter to S.M.'s parents. The letter speaks for itself.

25. The allegations contained in paragraph numbered 25 are a characterization of the due process complaint filed by parent. The complaint speaks for itself.

26-28. The allegations contained in paragraphs numbered 26 through 28 are characterizations of the August 1, 2007 administrative due process hearing request. The request speaks for itself.

29. The allegations contained in paragraph numbered 29 are a characterization of the letter submitted by the parent. The letter speaks for itself.

30. The allegations contained in paragraph numbered 30 are a characterization of the transcript of the October 4, 2007 hearing. The transcript speaks for itself.

31-32. The allegations contained in paragraphs numbered 31 through 32 are a characterization of the transcript of the parent's testimony during the October 4, 2007 hearing. The transcript speaks for itself.

33. The allegations contained in paragraph numbered 33 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

34-35. Defendants admit the allegation contained in paragraphs numbered 34 through 35.

36. The allegations contained in paragraph numbered 36 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

37. Defendants incorporate by reference their answers to paragraphs numbered 1 through 36.

38. The allegations contained in paragraph numbered 38 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

39. Defendants incorporate by reference their answers to paragraphs numbered 1 through 38.

40-42. The allegations contained in paragraphs numbered 40 through 42 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

43. Defendants incorporate by reference their answers to paragraphs numbered 1 through 42.

44. The allegations contained in paragraph numbered 44 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

45-47. The allegations contained in paragraphs numbered 45 through 47 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

48. Defendants incorporate by reference their answers to paragraphs numbered 1 through 47.

49-50. The allegations contained in paragraphs numbered 49 and 50 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

51. Defendants admit the allegations contained in paragraph numbered 51.

52. The allegations contained in paragraph numbered 52 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

53. Defendants incorporate by reference their answers to paragraphs numbered 1 through 52.

54. The allegations contained in paragraph numbered 54 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

55. The allegations contained in paragraph numbered 55 are a characterization of the MDT/IEP notes which speak for themselves.

56. The allegations contained in paragraph numbered 56 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

57. Defendants incorporate by reference their answers to paragraphs numbered 1 through 56.

58-59. The allegations contained in paragraphs numbered 58 through 59 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

60. Defendants incorporate by reference their answers to paragraphs numbered 1 through 59.

61-63. The allegations contained in paragraphs numbered 61 through 63 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

64. Defendants incorporate by reference their answers to paragraphs numbered 1 through 63.

65-67. The allegations contained in paragraphs numbered 65 through 67 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

68. Defendants incorporate by reference their answers to paragraphs numbered 1 through 67.

69-70. The allegations contained in paragraphs numbered 69 through 70 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

Further answering the complaint, defendants deny all allegations not specifically admitted or otherwise answered and all allegations of wrongdoing.

### FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies on all pertinent issues.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the applicable statute of limitations or laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's right to attorney fees and costs is strictly limited.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

      /s/ Maria Merkowitz
MARIA MERKOWITZ, [312967]
Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S
Washington, D.C. 20001
(202)442-9842
Fax – (202) 727-3625
Email–maria.merkowitz@dc.gov

February 4, 2008